UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

STACIE DENISE THOMAS,                                                  6:16-cv-2055-JR

                         Plaintiff,

                                                                  ORDER

             v.

NANCY A. BERRYHILL,
   COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

RUSSO, Magistrate Judge:

       Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits.

       Plaintiff asserts disability beginning January 22, 2013, due to: bipolar disorder versus schizoaffective disorder, depressive type, in partial remission; major depressive disorder; panic disorder with agoraphobia; a history of alcohol and methamphetamine abuse with mild cannabis use disorder; asthma; and back pain. Tr. 194, 19, 211.

After a hearing, an administrative law judge (ALJ) determined plaintiff was not disabled. Plaintiff asserts the ALJ erred in rejecting both medical opinion and plaintiff's testimony in making her determination.

A.  Plaintiff's Testimony

Plaintiff contends the ALJ erred in finding her symptom testimony inconsistent with the record and, thus, failed to properly credit her testimony.

Plaintiff indicated on her function report she "can't leave [her] house for very long at a time and [she gets] very anxious when talking to people." Tr. 227. Plaintiff also indicated she can't stay out longer than two hours and can't have more than two people at her house at a time or for more than an hour. Tr. 232. She pointed out it is "[h]ard to talk to people [and she] can't be around people long or get in depth with them." Id.

Plaintiff testified she can't work because:

> Just the thought of going, having to go to a place at a set time, every day, full of people who are talking to me and asking me things and expecting things from me, just [is too much to handle].

Tr. 47.

The ALJ rejected plaintiff's description of disabling symptoms and found plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms ... not entirely consistent with the medical evidence and other evidence in the record." Tr. 23.

Specifically, the ALJ determined the longitudinal medical record reflects general improvement in plaintiff's symptoms during the period at issue, particularly with medication. Tr. 23. The ALJ noted that plaintiff was functional on risperdone and lorazepam. Tr. 24, 26, 351, 356. Moreover, the ALJ stated:

Page 2 - ORDER

> Significantly, aside from the medication management with her primary care physician, the claimant has had little mental health treatment. She has not established care with a psychiatrist. She saw a counselor ... for only several sessions in 2013 (with a number of no-shows ...) and has not seen one since then. Although it appears a lack of insurance has had something to do with the lack of treatment, she has been informed about resources and does not appear to have followed up.... Moreover, she last saw her primary care physician, Dr. Lyon, in June 2015 and has not had treatment since then. She testified at the supplemental hearing that she was going to try counseling now that she found out her insurance covered it. The claimant's lack of mental health treatment is not consistent with the severity of her alleged symptoms and limitations.

Tr. 26, 330, 334, 355, 356.

An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment is sufficient to discredit symptom testimony. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). While plaintiff asserts insurance issues were behind such failures, the ALJ noted several available resources for treatment. Plaintiff also suggests that she is "afraid" of psychiatrists and therapists, but absent medical evidence that her symptoms themselves resulted in resistance to treatment, the ALJ need not accept that explanation. See Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (Although plaintiff provided reasons for resisting treatment, lack of medical evidence that the resistance was attributable to the mental impairment indicated it was reasonable for the ALJ to conclude the level or frequency of treatment was inconsistent with the level of complaints.). The ALJ did not err in rejecting plaintiff's statements of disabling symptoms to the extent alleged.

B.  Medical Opinion

    1.    Paula Belcher, Ph.D.

Dr. Belcher conducted a consultative psychological exam on January 18, 2016. Dr. Belcher diagnosed schizoaffective disorder, agoraphobia, alcohol use disorder, cannabis use disorder, tobacco use disorder, and features of OCD and avoidant personality disorder. Tr. 452. Dr. Belcher found

that plaintiff's ability to interact appropriately with supervisers, co-workers, and the public was moderately limited by her impairments. Tr. 455. Dr. Belcher further found plaintiff markedly limited in her ability to respond appropriately to typical work situations and changes in a routine work setting. Id.

The ALJ rejected Dr. Belcher's assessment regarding typical work situations and routine work settings because she relied to a large extent on plaintiff's self-report. Tr. 28. The record supports the ALJ's interpretation of Dr. Belcher's assessment and thus the ALJ did not err in partially rejecting the opinion. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (A doctor's opinion premised to a large extent upon the claimant's own account of symptoms and limitations may be disregarded where those complaints have been properly discounted).

    2.    Mark Lyon, M.D.

Dr. Lyon examined plaintiff on four occasions after her alleged on-set date. Tr. 441-47. Of those examinations, only one examination involved plaintiff's psychological complaints (anxiety). Tr. 441. Dr. Lyon opined that plaintiff is unable to remember simple instructions or respond appropriately on a sustained basis to supervision, co-workers, typical work settings, and changes in a routine work setting. Tr. 462. Dr. Lyon also assessed marked limitations in social functioning, maintaining concentration, persistence, or pace. Dr. Lyon further assessed weekly episodes of decompensation causing plaintiff to withdraw from work or a work-like setting. Tr. 467.

The ALJ rejected this assessment because she determined it was based on limited treatment notes and contained inconsistencies with other opinions issued within the same time period. Tr. 29. In one such opinion, Dr. Lyon found plaintiff only moderately limited in the ability to understand and remember simple instructions. Tr. 459. In another opinion, Dr. Lyon found plaintiff only mildly

limited in her ability to interact with the public and moderately limited in interactions with supervisors and co-workers. Tr. 460. The ALJ did not err with respect to Dr. Lyons's opinion. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (internal inconsistencies are clear and convincing reasons for rejecting a treating physician's opinion).

  3.  Joshua Boyd, Psy.D. and Maxine Ruddock, Ph.D.

Drs. Boyd and Ruddock opined that plaintiff would benefit from a supportive supervisor, but he did not require special supervision. Tr. 93, 107, 112. To the extent plaintiff asserts the ALJ erred in failing to accept this recommendation, the ALJ appropriately declined to adopt it. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009) (ALJ may decline recommendations).

  4.  Interaction With Supervisors

A common thread running through all of the medical opinions, which the ALJ did not reject, is some degree of limitation in plaintiff's ability to interact with the public, supervisors, and coworkers. The Commissioner asserts the ALJ accounted for such limitations by restricting plaintiff to no more than occasional contact with the general public and co-workers in the residual functional capacity finding (RFC). Tr. 22. The Commissioner argues that this restriction necessarily includes supervisors. The RFC, as formulated, however, does not appear to account for problems interacting with supervisors. See, e.g., SSR 85-15:

> where a person's only impairment is mental, is not of listing severity, but does prevent the person from meeting the mental demands of past relevant work and prevents the transferability of acquired work skills, the final consideration is whether the person can be expected to perform unskilled work. The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to <u>supervision, coworkers, and usual work situations</u>; and to deal with changes in a

routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

(emphasis added); Cf. DeMello v. Berryhill, 2017 WL 4247984 2 at *5 (E.D.Cal. September 25, 2017 ) (Argument that vocational expert (VE) finding is inconsistent with limitation to no more than occasional contact with coworkers ignores that job instructions are likely to come from supervisors, not coworkers, and that plaintiff's RFC does not include any limitations regarding his ability to interact or accept instructions from supervisors).

The court cannot assume that the ALJ's hypothetical to the VE regarding occasional contact with the public and coworkers was understood by the vocational expert to include supervisors. Accordingly, a remand is necessary to address this deficiency.

## **CONCLUSION**

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this 7th day of November 2017.

       s/Jolie A. Russo
       JOLIE A. RUSSO
       United States Magistrate Judge