UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

STACI DENISE THOMAS, 6:16-cv-2055-JR

                        Plaintiff,

                        ORDER

     v.

NANCY A. BERRYHILL,
 COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

RUSSO, Magistrate Judge:

       Plaintiff's counsel asserted the Administrative Law Judge (ALJ) erred in denying plaintiff's application for disability insurance benefits. On November 7, 2017, the court agreed that the ALJ's residual functional capacity (RFC) assessment failed to account for plaintiff's limitation in interacting with supervisors and remanded to assess whether such restriction precludes work. Plaintiff now moves for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) in the amount of $5,390.38 representing 27.45 hours of work at hourly rates of $192.68 and $196.79. The Commissioner does not contest the reasonableness of the hourly rates or time

Page 1 - ORDER

expended by plaintiff's counsel on the case. However, the Commissioner argues the motion should be denied because her position in this action was substantially justified.

> EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). [footnote omitted] It is the government's burden to show that its position was substantially justified. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Put differently, the government's position must have a "reasonable basis both in law and fact." Id.

Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

The "position of the United States" includes both the government's litigation position and the underlying agency action giving rise to the civil action. In the social security context, the ALJ's decision is the action upon which the civil action is based. Id. It is an unusual case where substantial justification exists for denying fees under EAJA despite reversal of the agency's decision as lacking reasonable, substantial, and probative evidence in the record. Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013).

Here, the ALJ found plaintiff's RFC included limitations in interactions with respect to coworkers and the public. The Commissioner's argument that such restriction necessarily includes supervisors is not substantially justified as interactions with supervisors is of a different quality than interactions with coworkers. As noted in the Order, job instructions are likely to come from supervisors, not coworkers. Because the ALJ failed to obtain the vocational expert's opinion as to the impact of the limitation in interacting with supervisors, the ALJ's decision denying benefits lacks reasonable, substantial, probative evidence in the record.

The court also finds the fee requested is reasonable. The starting point in determining the amount of a reasonable fee is the number of hours reasonably expended multiplied by a reasonable hourly rate. Hensley v. Eckerhart 461 U.S. 424, 433 (1983). This lodestar calculation is the predominant element of the analysis. Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). Plaintiff's counsel must produce satisfactory evidence to justify the rate. Blum v. Stenson, 465 U.S. 886, 895, n. 11 (1984).

Under the EAJA, an award of attorney's fees is limited to $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorney's for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); see also Thangaraja v. Gonzales, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses."). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. Id. at 877. Plaintiff's hourly rate is consistent with the cost of living adjustment. See Declaration of Katherine L. Eitenmiller (doc. 26) at ¶ 5. In addition, the number of hours expended on this litigation was reasonable.

## CONCLUSION

Plaintiff's motion for fees under EAJA (doc. 25) is granted in the amount of $5,390.38.

DATED this 27th day of February 2018.

    s/Jolie A. Russo
    JOLIE A. RUSSO
    United States Magistrate Judge